UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00061-GNS-LLK

**VERONICA ANN THRELKEL**                                                                                          **PLAINTIFF**

**v.**

**NANCY A. BERRYHILL, Acting Commissioner of Social Security**                          **DEFENDANT**

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits.  The Court referred the matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636.  (Docket # 14.)  Plaintiff's memorandum of law in support of her motion for judgment on the pleadings is at Docket # 16-1, and Defendant's response in opposition is at Docket # 17.  The matter is ripe for determination.

Because the administrative law judge's ("ALJ's") decision is supported by substantial evidence and is in accord with applicable legal standards and because Plaintiff's arguments are unpersuasive, the RECOMMENDATION will be that the Court DENY Plaintiff's motion for judgment on the pleadings (Docket # 16), AFFIRM the Commissioner's final decision, and DISMISS Plaintiff's complaint.

### Background facts and procedural history

Plaintiff filed a Title II disability claim alleging that she became disabled on January 1, 2014. [Administrative Record ("AR") at 18.]  Plaintiff's insured status for Title II benefits expired on September 30, 2015.  [*Id.*]

On August 29, 2017, the ALJ issued a decision finding that Plaintiff was not under a disability at any time during the adjudicated period (hereinafter "adjudicated period") from January 1, 2014 through September 30, 2015.  [*Id.*]  The ALJ's decision became the Commissioner's final decision, subject to this judicial review, when the Appeals Council found no basis for changing the ALJ's decision.  [AR at 1.]

The ALJ denied Plaintiff's disability claim pursuant to the familiar 5-step sequential evaluation process that applies in all Social Security disability cases. First, the ALJ found that, during the adjudicated period, Plaintiff did not engage in substantial gainful activity. [AR at 12.] Second, the ALJ found that, during the adjudicated period, Plaintiff suffered from the following severe, or vocationally, significant medical impairments: degenerative disc disease; status post cervical fusion surgery; osteoarthritis; status post right anterior cruciate ligament repair surgery; hypertension; obesity; anxiety; and depression. [AR at 12-13.] Third, the ALJ found that none of these impairments satisfied the clinical criteria of any impairment listed in Appendix 1 of the regulations. [AR at 13.]

As required in any cases that advance beyond step 3, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found that, during the adjudicated period, Plaintiff was limited to sedentary work as defined in 20 C.F.R. § 404.1567(a). [AR at 13.] For sedentary work, "sitting should generally total approximately 6 hours of an 8-hour workday," with standing/walking during the remaining 2 hours. Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5. Additionally, Plaintiff could not kneel, crawl, or climb ladders, ropes, or scaffolds. She could no more than occasionally stoop, crouch, or reach overhead. She had to avoid concentrated exposure to vibration. [*Id.*] Plaintiff could understand, remember, and carry out simple, routine tasks, and maintain concentration, persistence, and pace for such tasks for two-hour periods. [*Id.*] There could be no fast paced, production rate work. [*Id.*] She could tolerate occasional interaction with supervisors, coworkers, and the general public. [*Id.*] Any changes in the work routine or environment had to be rare and gradually introduced. [AR at 14.]

Fourth, the ALJ found that, during the adjudicated period, Plaintiff could not perform her past relevant work. [AR at 16.] Fifth, the ALJ found that, during the adjudicated period, Plaintiff was not disabled because she retained the ability to perform a significant number of jobs in the national economy such as unskilled, sedentary clerical addresser, assembler, and general office clerk. [AR at 17-18.]

**Judicial review standards**

The Court reviews the ALJ's decision to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where substantial evidence supports the ALJ's decision, the Court is obliged to affirm. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The Court should not attempt to second-guess the factfinder with respect to conflicts of evidence or questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

**Plaintiff's primary argument**

As part of his physical RFC determination, the ALJ gave "little weight" to the August 1, 2016 medical opinion of Plaintiff's treating physician, Tom Grabenstein. [AR at 16, 832-33.] Plaintiff's primary argument is that the ALJ did not provide "good reasons" for giving "little weight" to Dr. Grabenstein's opinion. (Docket # 16-1 at 8-14.) Plaintiff does not allege that the ALJ erred in evaluating her mental impairments.

**The ALJ's weighing of Dr. Grabenstein's medical opinion**

On August 1, 2016, Plaintiff's treating physician, Tom Grabenstein, completed a checklist physical capacities questionnaire. [AR at 832-33.] With no accompanying explanation, Dr. Grabenstein placed x-marks indicating, among other things, that, on average: 1) Plaintiff's impairments or treatment would likely cause her to be absent from work more than 3 times a month; and 2) At unpredictable intervals during a work shift, Plaintiff would have to sit quietly to rest or to lie down for 15 minutes one to two times a day. [AR at 833.] These findings, if accepted, would require an ultimate finding of disability. [AR at 49-50.] Dr. Grabenstein made no finding supportive of Plaintiff's testimony of needing to elevate her legs for 30 minutes to an hour two to three times a day, which, if accepted, would render her disabled.

3

[AR at 42, 50.] Dr. Grabenstein's findings concerning Plaintiff's abilities to sit and stand/walk are ambiguous and unclear.[1]

The ALJ gave "little weight" to Dr. Grabenstein's opinion because it was given on August 1, 2016, nearly a year after Plaintiff's insured status expired on September 30, 2015, and because it was not supported by sufficient objective medical evidence. According to the ALJ:

> As for the remaining relevant opinion evidence, I note that Tom Grabenstein, M.D., endorsed an assessment …. That would effectively prevent the claimant from maintaining competitive employment. Among other things, Dr. Grabenstein opined that the claimant would miss work more than three times a month. I give little weight, as opposed to greater or controlling weight, to Dr. Grabenstein's assessment because it was prepared after the date last insured on August 1, 2016. Moreover, Dr. Grabenstein's assessment is certainly disproportionate to and not reasonably substantiated by the objective physical examination and diagnostic findings previously discussed and referenced in the instant decision.

[AR at 16.]

### Standards governing the weighing of medical opinions

As indicated above, Plaintiff's primary argument is that the ALJ did not provide "good reasons" for giving "little weight" to Dr. Grabenstein's medical opinion. (Docket # 16-1 at 8-14.) A treating physician's medical opinion is entitled to special weight.[2]

---

[1] This is because, when asked about Plaintiff's abilities to sit and stand/walk, Dr. Grabenstein placed a single check-mark in what appears to be an inappropriate location [AR at 833]:

d. How long can the patient sit and stand/walk total in an eight-hour work day (with normal breaks)? PLEASE PUT A CHECK MARK ON THE APPROPRIATE RESPONSES.

| Sit: | Stand/Walk: | | |
|---|---|---|---|
| ___ | ___ | [**check-mark**] | less than two (2) hours |
| ___ | ___ | | about two (2) hours |
| ___ | ___ | | about four (4) hours |
| ___ | ___ | | at least six (6) hours |

[2] The rationale for the rule giving special weight to treating physician opinions is that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(c)(2).

To the extent Plaintiff is complaining only about the ALJ's weighing of Dr. Grabenstein's findings that she would require three absences from work per month and one to two 15-minute, unscheduled breaks during the workday; those findings arguably do not qualify as medical opinions.  Courts within this circuit have held that physician estimates of a patient's rate of absenteeism and need for unscheduled breaks away from the job site, which, if accepted, would require an ultimate finding of disability, are not genuine medical opinions.  *See, e.g., Rush v. Comm'r*, No. 18-10612, 2018 WL 6175374, at *3 (E.D. Mich. Oct. 5, 2018) (Treating physician's "opinions that Rush could not work, and would frequently be absent from work and off task, are not medical opinions to which the ALJ was required to defer" because the "issue of whether a claimant is disabled is reserved for the Commissioner") (citing *Brock v. Comm'r*, 368 F. App'x 622, 625 (6th Cir. 2010)); *Chhay v. Comm'r*, No. 1:13-cv-02229, 2014 WL 4662024, at *6 (N.D. Ohio Sept. 17, 2014) ("[C]ourts have found that [disabling] treating physician opinions regarding predicted work absences do not constitute 'medical opinions'").

To the extent Plaintiff is complaining about the ALJ's weighing of some other aspect of Dr. Grabenstein's opinion (e.g., Plaintiff's need to use a cane or other assistive device; inability to climb, balance, stoop, crouch, kneel, crawl; relative inability to reach, push, pull); a treating physician's medical opinion is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record."  20 C.F.R. § 404.1527(c)(2).  Plaintiff does not allege that the ALJ was required to give controlling weight to Dr. Grabenstein's opinion.

Even if it is not entitled to controlling weight, a treating physician's opinion might still be entitled to greater weight than any other opinion in the administrative record.  *Id.*  The ALJ's decision must give

"good reasons" for the weight given to a treating physician's opinion in light of the factors in 20 C.F.R. § 404.1527(c)(2)-(6).[3] *Id.*

### The ALJ gave "good reasons" for giving "little" weight to Dr. Grabenstein's opinion.

As indicated above, the ALJ gave "little weight" to Dr. Grabenstein's opinion because it was given nearly a year after expiration of Plaintiff's insured status and because it was not supported by sufficient objective medical evidence. [AR at 16.] Plaintiff argues (Docket # 16-1 at 10-11) that the fact that her insured status had expired was not a good reason for discounting Dr. Grabenstein's opinion, which Dr. Grabenstein based on Plaintiff's slowly-worsening, degenerative medical impairments, i.e., "systemic involvement of connective tissue, osteoarthritis of feet and knees." [AR at 832.] "Osteoarthritis is a slowly worsening condition, and it makes sense that a medical opinion from less than a year after Plaintiff's date last insured expired would still be relevant." (Docket # 16-1 at 10.)

To the extent Plaintiff's argument concerning slowly-progressive impairments is persuasive, it does not change the fact that the ALJ also discounted Dr. Grabenstein's opinion because it was "disproportionate to and not reasonably substantiated by the objective physical examination and diagnostic findings previously discussed and referenced in the instant decision." [AR at 16.] The radiographic and other evidence concerning Plaintiff's feet, knees, and back summarized by the ALJ [AR at 15] do not require greater limitations than the ALJ found. Additionally, the ALJ noted [AR at 15] that his finding that Plaintiff can perform a limited range of sedentary work is supported by the January 4, 2014 examination finding of Ronald Auer, M.D., that Plaintiff could do a "sit down type job." [AR at 586.]

Therefore, to the extent Dr. Grabenstein's findings were more limiting than the ALJ's physical RFC findings, the ALJ gave "good reasons" for giving "little" weight to Dr. Grabenstein's findings.

---

[3] Those factors are: length of treatment and the frequency of examination; nature and extent of treatment relationship; supportability; consistency; specialization; other.

### Even if the ALJ did not give "good reasons" for giving "little weight" to Dr. Grabenstein's opinion, the error was a "harmless de minimis procedural violation."

The justification for the "good reasons" giving requirement is two-fold: 1) It helps a claimant to understand the disposition of her case, especially "where a claimant knows that h[er] physician has deemed h[er] disabled"; and 2) It "permits meaningful review of the ALJ's application of the [treating-source] rule." *Shield v. Comm'r*, 732 F. App'x 430, 438 (6th Cir. 2018) (quoting *Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004)). Therefore, ordinarily, failure of an ALJ's decision to give good reasons is a reversible error. The error is deemed harmless, however (and remand is not required), if the failure is a "harmless de minimis procedural violation." *Id.* (quoting *Blakley v. Comm'r*, 581 F.3d 399, 409 (6th Cir. 2009)).

The Sixth Circuit has identified three situations in which a harmless de minimis procedural violation occurs: 1) Where "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it"; 2) Where "the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion"; and 3) "[W]here the Commissioner has met the goal of ... the procedural safeguard of reasons." *Id.* (quoting Wilson, 378 F.3d at 547).

As indicated above, Dr. Grabenstein's opinion took the form of completion of a checklist questionnaire, with little to no accompanying explanation. [AR at 832-33.] The Sixth Circuit has held that an example of the first situation (above) of a harmless de minimis procedural violation is when the treating physician's opinion takes the form of a "check-box analysis without an accompanying explanation." *Id.* at 441 (citing *Hernandez v. Comm'r*, 644 F. App'x 468, 474-75 (6th Cir. 2016)); *see also Shepard v. Comm'r*, No. 17-1237, 2017 WL 4251707, at *4 (6th Cir. Sept. 26, 2017) (A doctor's "conclusory opinion, which provided no supporting findings or records and consisted largely of one word answers, circles, and check-marks" was suspect under *Hernandez*); *Bayes v. Comm'r*, 2018 WL 6266761, at *7 (6th Cir. Nov. 30, 2018) (ALJ's "may properly give little weight to a treating physician's check-off form of functional limitations that

7

did not cite clinical test results, observations, or other objective findings"). Therefore, even if the ALJ did not give "good reasons" for giving "little weight" to Dr. Grabenstein's checklist questionnaire, the error was a "harmless de minimis procedural violation."

### The ALJ's finding that Plaintiff can perform a limited range of sedentary was supported by substantial medical evidence.

Finally, Plaintiff argues that the ALJ's finding that she can perform a limited range of sedentary work was unsupported by any medical opinion. The argument is unpersuasive because the ALJ gave "limited weight" to the opinion of non-examining consultant Donna Sadler, M.D., that Plaintiff can perform light work and "greater weight" to Dr. Auer's opinion that Plaintiff could do a "sit down type job." [AR at 17, 76-78, 586.]

### RECOMMENDATION

Because the ALJ's decision is supported by substantial evidence and is in accord with applicable legal standards and because Plaintiff's arguments are unpersuasive, the Magistrate Judge RECOMMENDS that the Court DENY Plaintiff's motion for judgment on the pleadings (Docket # 16), AFFIRM the Commissioner's final decision, and DISMISS Plaintiff's complaint.

January 30, 2019

**Lanny King, Magistrate Judge**
**United States District Court**

### NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

January 30, 2019

**Lanny King, Magistrate Judge**
**United States District Court**

8