UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00061-GNS-LKK

VERONICA ANN THRELKEL                                               PLAINTIFF

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection (DN 19) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 18). For the reasons outlined below, the objection is **OVERRULED**.

### I.    STATEMENT OF FACTS

This action arises from the denial of the protective application for Title II Social Security disability insurance benefits filed by Plaintiff Veronica Ann Threlkel ("Plaintiff"). (Compl. ¶ 6, DN 1). In her application, Plaintiff alleges that her disability began on January 1, 2014, and that she suffered from degenerative disc disease, status post cervical fusion surgery, osteoarthritis, status post right anterior cruciate ligament repair surgery, hypertension, obesity, anxiety, and depression. (Administrative R. 12-13, DN 13 [hereinafter R.]).

The administrative law judge ("ALJ") conducted a video hearing on May 12, 2017. (R. 10). On August 29, 2017, the ALJ rendered a decision that Plaintiff was not disabled using the five-step sequential process established by the Social Security Administration ("SSA"). At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity from January 1, 2014, through September 30, 2015, the date her insured status expired. (R. 12). At the second

step, the ALJ determined that Plaintiff had severe impairments, including: degenerative disc disease; status post cervical fusion surgery; osteoarthritis; status post right anterior cruciate ligament repair surgery; hypertension; obesity; anxiety; and depression. (R. 12-13). At the third step, the ALJ found that Plaintiff does not have any impairment or combination of impairments that meets one of the listed impairments in Appendix 1. (R. 13). At the fourth step, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work but could not kneel, crawl, or climb ladders, ropes, or scaffolds. (R. 13-14). For the fifth and final step, the ALJ determined that Plaintiff is capable of performing a significant number of jobs that exist in the national economy. (R. 17-18). Thus, the ALJ determined that Plaintiff was not disabled and not entitled to benefits for the period of January 1, 2014, through September 30, 2015. (R. 19). Plaintiff subsequently appealed that determination to the Appeals Council, which denied her request for review. (R. 2-4).

After Plaintiff filed the present action, the Magistrate Judge issued Findings of Fact, Conclusions of Law and Recommendation ("R&R") recommending that this Court uphold the ALJ's determination and dismiss the Complaint. (R&R 8, DN 18). Plaintiff then objected to the R&R. (Pl.'s Obj., DN 19).

## II. JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III. STANDARD OF REVIEW

Social security cases may receive different levels of review in federal district courts. The Federal Magistrates Act allows district judges to designate magistrate judges to issue "proposed

findings of facts and recommendations for disposition . . . ." 28 U.S.C. § 636(b)(1)(B). The magistrate judge then files a recommendation, to which each party may object within fourteen days. *See* 28 U.S.C. § 636(b)(1). Those parts of the report to which objections are raised are reviewed by the district judge de novo. *See id.* This differs from the standard applied to the Commissioner of Social Security's decision, which is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Evidence that a "reasonable mind might accept as adequate to support a conclusion" is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citations omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). A court should not attempt to resolve conflicts of evidence or questions of credibility. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The district court may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *See Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV. <u>DISCUSSION</u>

In her objection, Plaintiff challenges the sufficiency of the reasons stated by the ALJ in discounting the assessment by Plaintiff's treating physician, Dr. Thomas Grabenstein ("Dr. Grabenstein").[1] (Pl.'s Obj. 1-4). In particular, Plaintiff contends that the Magistrate Judge failed

---

[1] Plaintiff also incorporates by reference the arguments she raised in her brief. (Pl.'s Obj. 1-2). The Court construes that statement as a general objection to the R&R and, as a sister court has aptly noted, "[a] general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the [magistrate judge]'s efforts and wastes judicial economy." *United States v. Luke*, No. 6:15-CR-10-GFVT, 2016 WL 7191662,

to articulate good reasons for placing little weight on the treating physician's assessment. (Pl.'s Obj. 1-4).

The applicable social security regulations contain a procedural requirement that the SSA "always give good reasons in [its] notice of determination or decision for the weight [it] give[s] [a claimant's] treating source's medical opinion." 20 C.F.R. § 416.927(c)(2); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) ("The regulation requires the agency to 'give good reasons' for not giving weight to a treating physician in the context of a disability determination." (citing 20 C.F.R. § 404.1527(d)(2))). As the Sixth Circuit has noted:

> The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied. This requirement also ensures that the ALJ applies the treating physician rule [in 20 C.F.R. § 416.927(c)(2)] and permits meaningful review of the ALJ's application of the rule.

*Wilson*, 378 F.3d at 544 (internal quotation marks omitted) (internal citation omitted) (citation omitted). When a treating physician's opinions are not given controlling weight, "the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (internal citation omitted) (citing 20 C.F.R. § 404.1527(c)(2)-(6)).

In this case, the ALJ's decision sufficiently articulates the good reasons for giving little weight to Dr. Grabenstein's assessment. In numerous paragraphs of the decision, the ALJ cited to and discussed at length the evidence in the record reflecting that Plaintiff was not disabled for the

---

at *2 (E.D. Ky. Dec. 12, 2016) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Accordingly, the Court will only address in detail the specific grounds raised by Plaintiff.

relevant period. (R. 14-16). After discussing that evidence, the ALJ noted, "Dr. Grabenstein's assessment is certainly disproportionate to and not reasonably substantiated by the objective physical examination and diagnostic findings previously discussed and referenced in the instant decision." (R. 16). This is consistent with the regulations, which allow an ALJ to place greater weight on more thoroughly supported opinions and to discount a treating physician's assessment that is contradictory to the other evidence in the record. *See* 20 C.F.R. § 404.1527(c)(3), (6); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that the ALJ is not bound by a treating physician's opinion that plaintiff is totally disabled where there is substantive evidence to the contrary). In addition, as the ALJ's decision and the R&R noted, it is significant that Dr. Grabenstein's assessment was dated 11 months after the end of the period of disability. (R. 16; R&R 4).

For these reasons, the ALJ stated good reasons for discounting Dr. Grabenstein's assessment. The ALJ's decision was therefore supported by substantial evidence. Accordingly, the Court will overrule Plaintiff's Objection.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 18) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Plaintiff's Objection (DN 19) is **OVERRULED**.

Greg N. Stivers, Chief Judge
United States District Court

July 2, 2019

cc: counsel of record